UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN LLANOS-CORNEJO,<br><br>        Petitioner,<br><br>   v.<br><br>MICHAEL L. BENOV.<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 1:12-cv-00985 JLT (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1) |

Petitioner Adrian Llanos-Cornejo is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the results of a prison disciplinary hearing at which he was found guilty having food in his possession outside of the cafeteria. As a result of the disciplinary action, Petitioner was assessed 27 days lost credit for the violation. For the reasons set forth below, the Petition for Writ of Habeas Corpus is **DENIED**.

I. **Factual Background**

On July 27, 2011, a correctional officer was walking by Petitioner's cell and saw him removing food items from socks on both feet. (Doc. 11 at 4) The officer saw Petitioner remove "3 pieces of liver and onions in a La Bonita Corn Tortillas plastic bag from the Chow Hall" from his left sock and "1 loaf [of] white bread in a clear plastic bag from the Chow Hall" from his right sock. Id. Petitioner admitted getting this food "from the Chow Hall." Id. The officer then conducted a search of Petitioner's cell and found "2 dozens [sic] pieces of toasted bread in a La Bonita Corn Tortillas

1

plastic bag, and 1 dozen pieces of cinnamon toast in a clear plastic bag with mold." Id. Petitioner asserted he had the food because "he was feeding the birds with the bread." Id.

An officer investigated the incident and met with Petitioner in that process. (Doc. 11 at 4) Petitioner told the investigator he took the food from the chow hall to feed to the birds and squirrels. Id. at 5. The investigator took a photo of the food found in Petitioner's cell and taken from his person. Id. at 6. As a result of the investigation and the incident report, Petitioner was charged with "Stealing." Id. Petitioner was given a copy of the investigation report and notice of the charge on July 27, 2011 at 9:00 p.m. Id. at 5.

On July 29, 2011, the UDC Committee determined the matter would be referred for a hearing. During this process, Petitioner admitted, "The report is correct. I was going to feed the birds and the squirrels with it." Id. In advance of this statement, Petitioner provided a written statement of his rights and he acknowledged in writing receiving this document. Id. at 8.

The disciplinary hearing was held on October 11, 2011. (Doc. 11 at 11) Petitioner waived his right to present witnesses at the hearing and waived his right to have a staff representative. Id. at 9, 11. However, Petitioner gave a statement at the hearing and reported, "I did have these items someone gave them to me in the unit. I got all these items from the unit." Id. at 11. In addition to this statement, the hearing officer considered the investigation report and the incident report. Id. at 12. Upon this evidence and given Petitioner admitted being in possession of the food items, the hearing officer found Petitioner guilty of stealing and assessed 27 days lost credit and three months lost visitation privileges. Id.

Petitioner appealed the outcome of the hearing. (Doc. 11 at 16) In his Regional Administrative Remedy appeal, Petitioner asserted that though he had the food items in his cell, there is no evidence he stole the items. Id. He argued that he was given the food items by inmates "in the unit" and explained that when he admitted getting the food from the kitchen, he did not mean he "remove[d] them from the kitchen." Id. Thus, Petitioner allowed that he could have been charged with possessing contraband but could not be charged with stealing. Id.

The reviewer noted that Petitioner admitted to the officer who discovered the cache of food that he had taken the items from the chow hall and admitted the same to the investigating officer.

(Doc. 11 at 15) Likewise, Petitioner admitted in the UDC process that he took the food from the chow hall. Id. In addition, the reviewer found it significant that for the first time in the proceeding, Petitioner disputed in the appeal that he could be found guilty of stealing rather than the charge of possessing contraband. Id. Based upon all of these reasons, the appeal was denied. Id.

Petitioner then sought review of the determination by filing a Central Office Administrative Remedy appeal which was denied by operation of law. (Doc. 11 at 2)

## II. **Jurisdiction**

Habeas corpus relief is appropriate when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution based upon the outcome of a prison disciplinary proceeding. If a constitutional violation has resulted in the loss of credits, it affects the duration of a sentence and may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876–78 (9th Cir. 1990). Thus, this Court has subject matter jurisdiction. Moreover, at the time the petition was filed Petitioner was in custody at the Taft Correctional Institute, located in Taft, California, which is located within the jurisdiction of this Court. Therefore, this Court is the proper venue. See 28 U.S.C. § 2241(d).

## III. **Standard of Review**

"It is well settled 'that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir.1996) (quoting Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir.1991)). Though not afforded the full panoply of rights, due process requires the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985); Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Indeed, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some

evidence in the record." Hill, 472 U.S. at 455 (citations omitted).

### III.    Analysis

In his petition, Petitioner reiterates and expands upon the arguments made in the administrative process.  (Doc. 1 at 3-7)  Petitioner asserts he received the food items from other inmates and that the items "were ready for disposal." Id. at 3.  He explains that he received the food from the chow hall but that he received it during the regular process of the prison distributing food to the inmates. Id. at 6.  Petitioner argues that because "prison official willfully distributed such food items during regular meals [and fed it] to . . . inmates in food service," he cannot have been found to have stolen it. Id. at 7.  Thus he denies he can be held liable for stealing. Id. at 3-7.

In making this argument, Petitioner misunderstands the role of this Court. In considering the petition, the Court is not entitled to substitute its judgment for that of the prison officials but, instead, merely to determine whether "some evidence" exists to support the determination.  Hill, 472 U.S.at 455-56 ["Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.']  Instead, this Court is required to defer to the prison officials who made the disciplinary decision because these proceedings "take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances." Id. at 456.  Thus, the Court is not entitled to determine whether there are other factual scenarios which could show the prison officials acted improperly when they issued the discipline.  Instead, the Court is required to determine whether is some evidence in the record which supports the finding the prison officials made.  The Court concludes there is.

First, Plaintiff repeatedly admitted he got the food from "the chow hall."  Likewise, the condition of the food does not demonstrate that the food was waste.  For example, from Petitioner's right sock was taken an entire loaf of white bread which was packaged in a clear plastic bag.  Other food was packaged in plastic bags which, clearly, were originally used for other food items.  This demonstrates that the food was taken from the kitchen and not from the tray of another inmate.  Moreover, the volume of the food in Plaintiff's possession—three dozen pieces of toast and a full loaf

of bread, among other food—is some evidence that the food was stolen.  Similarly, the way the full loaf of bread was packaged constitutes some evidence the food was new and not discarded.  It is notable also that Plaintiff's explanation of how he obtained the food has evolved and changed over time.  Thus, though the Court does not suggest the prison officials could not have determined this matter differently, it finds that there is some evidence in the record to support the finding made at the disciplinary hearing.  Thus, because the Court finds the prison officials had "some basis in fact" (Hill at 456) to make the discipline decision, the outcome of disciplinary hearing must be upheld and Petitioner is not entitled to habeas relief.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The petition from writ of habeas corpus (Doc. 1) is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 11, 2013**                    **/s/ Jennifer L. Thurston**
                                                                                                  UNITED STATES MAGISTRATE JUDGE